UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEILANI EVANS | ) |
| | ) |
| Plaintiff, | ) Case: 1:26-cv-01087 |
| | ) |
| v. | ) |
| | ) |
| ADECCO USA, INC., and FACTOR75, LLC, | ) |
| | ) |
| | ) Jury Trial Demanded |
| Defendants. | ) |

# COMPLAINT

Plaintiff, Leilani Evans ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Adecco Usa, Inc. and Factor75, LLC ("Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants' sexual harassment, Defendants' discrimination on the basis of Plaintiff's sex, and Defendants' retaliation against Plaintiff for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or complied with.

5. A charge of employment discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission against Factor75, Inc., ("EEOC") (Attached hereto as Exhibit "A").

6. A charge of employment discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission against Adecco USA, Inc., ("EEOC") (attached hereto as Exhibit "B").

7. Plaintiff received a Notice of Right to Sue from the EEOC against Factor75, Inc., (attached hereto as Exhibit "C").

8. Plaintiff received a second Notice of Right to Sue from the EEOC against Adecco USA, Inc., (attached hereto as Exhibit "D").

9. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. Plaintiff, Leilani Evans, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

11. Defendant, Adecco Usa, Inc. ("Adecco"), whose address is 1325 Ensell Rd, Lake Zurich, IL, 60047-1535, is a corporation specializing in the staffing and workforce industry that at all times material to the allegations in this Complaint was doing business in and for Lake County, Illinois.

12. Defendant, Factor75, LLC, ("F75") whose address is 1325 Ensell Rd, Lake Zurich, IL, 60047-1535, is a LLC specializing in the operations of the meal delivery and meal preparation

industry that at all times material to the allegations in this Complaint was doing business in and for Lake County, Illinois.

13. Plaintiff was jointly employed by Defendants, as an "employee" within the meaning of 42 U.S.C §2000e(f).

14. During the applicable limitations period, Defendants have had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

15. At all relevant times, Defendants have continuously been under contract for services rendered in Illinois and have continuously been a joint employer in which all Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## BACKGROUND FACTS

16. Plaintiff is a homosexual male who was hired by Defendant Factor75, Inc., as a runner through staffing agency Defendant Adecco, from on or about November 14, 2025, until on or about December 12, 2025.

17. Throughout Plaintiff's employment Defendants have subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of sex and sexual orientation.

18. Plaintiff is a member of a protected class because of his sex (male) and sexual orientation (homosexual).

19. On or about November 20, 2025, Plaintiff was confronted by a coworker while returning from the bathroom to his assigned work area.

20. This coworker demanded that Plaintiff work in a different area.

21. Plaintiff, confused by the demand, asked the coworker if she was a manager.

22. Immediately, the coworker flew into a tirade, demeaning Plaintiff with a derogatory slur by calling him a "faggot" and threatening him with physical violence, stating that her brother would "beat his ass."

23. The conduct of the coworker was hostile, threatening, and explicitly based on Plaintiff's sex and sexual orientation.

24. Plaintiff, out of fear and shock, immediately walked away from the hostile and dangerous situation and reported the incident to a manager (name unknown), thereby engaging in protected activity.

25. Later that same day, Plaintiff reported the discriminatory harassment to Lucy (LNU), an Adecco Staffing Manager, and Plaintiff's direct supervisor, thereby engaging in protected activity.

26. Plaintiff explained the discriminatory attack against him and expressed that he did not feel safe or comfortable continuing to work under those conditions.

27. The following day, Plaintiff was informed by Lucy that his job assignment for the day had been canceled.

28. On or about November 24, 2025, upon Plaintiff's return to work, Plaintiff discovered that his badge no longer allowed him access to the facility.

29. Despite being the victim of harassment and threats, Plaintiff was removed from work and denied access to the facility, while the coworker who used discriminatory homophobic language and threatened Plaintiff with violence was not disciplined.

30. On or about December 12, 2025, Lucy informed Plaintiff that his employment was being terminated, and was informed he could reapply in 30 days.

31. Plaintiff was not provided with any legitimate reason for his termination.

32. Plaintiff met or exceeded Defendants' performance expectations during the entire duration of his employment.

33. Plaintiff was unlawfully terminated by Defendants because of his sex and sexual orientation, (male homosexual) on or about December 12, 2025.

34. Plaintiff was retaliated against, and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

35. Plaintiff reported the sexual discrimination and harassment to Defendants, thereby engaging in a protected activity.

36. Plaintiff was targeted for termination because of his sex and sexual orientation, and engaging in a protected activity by opposing and reporting discriminatory conduct in the workplace.

37. Plaintiff suffered multiple adverse employment actions including but not limited to a denial of access to the facility and unlawful termination.

38. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

39. Plaintiff can show that they engaged in statutorily protected activity – a necessary component of their retaliation claim – because Plaintiff lodged complaints directly to his manager about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sex-Based Harassment)

40. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated

herein.

41. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

42. Defendants knew or should have known of the harassment.

43. The sexual harassment was severe or pervasive.

44. The sexual harassment was offensive subjectively and objectively.

45. The sexual harassment was unwelcomed.

46. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex and sexual orientation (homosexual male).

47. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

49. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

50. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex and sexual orientation (homosexual male), in violation

6

of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex and sexual orientation (homosexual male).

54. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex and sexual orientation (homosexual male).

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

57. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

58. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

59. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendants about sexual harassment or sex-based discrimination.

60. As such, Plaintiff engaged in protected conduct and was protected against

unlawful retaliation by Defendants under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

61. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex-based harassment or sex-based discrimination.

62. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

63. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

64. By virtue of the foregoing, Defendants retaliated against Plaintiff based on reporting the sex-based harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

65. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

    a.    Back pay;

    b.    Payment of interest on all back pay recoverable;

    c.      Front pay;

    d.      Loss of benefits;

    e.      Compensatory and punitive damages;

    f.      Reasonable attorneys' fees and costs;

    g.      Award pre-judgment interest if applicable; and

    h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: January 30, 2026.

                                          ***/s/Yasmeen Elagha, Esq.***
                                          Yasmeen Elagha, Esq.
                                          Mohammed O. Badwan, Esq.
                                          Atlas Law Center, Ltd.
                                          2500 South Highland Avenue
                                          Suite 200
                                          Lombard, IL 60148
                                          Phone (630) 575 - 8181
                                          Fax (630) 575 - 8188
                                          yelagha@atlaslawcenter.com
                                          mbadwan@atlaslawcenter.com
                                          *Attorneys for Plaintiff*